UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SHAWN RAY MOUSSEAU,<br><br>                Plaintiff,<br><br>   vs.<br><br>STATES ATTORNEY MARK VARGO, in his individual capacity;<br>LAURA SHATICK, States Attorney at Prosecution Office in her individual capacity;<br>WILL WILLIAMS, Prosecutor at States Attorney Office in his individual capacity;<br>CAPTAIN HAGA, at the Pennington County Jail in her individual capacity;<br>SGT. HOUSTON;<br>UNITED STATES OF AMERICA;<br>PENNINGTON COUNTY JAIL; and SHERIFF'S DEPARTMENT,<br><br>                Defendants. | CIV. 14-5081-JLV<br><br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

      On November 3, 2014, plaintiff Shawn Mousseau, an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a multiple count complaint against the defendants. (Docket 1). Mr. Mousseau also moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 2 & 4).

      Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act (PLRA), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

>   (A) the average monthly deposits to the prisoner's account; or
>
>   (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.  In support of his motion, Mr. Mousseau provided a copy of his prisoner trust account report signed by an authorized prison official.  (Docket 4).  The report shows an average monthly deposit for the past six months of $0.00, an average monthly balance for the past six months of $0.00, and a current balance of $0.00.  Id.  In light of this information, the court finds Mr. Mousseau is indigent, qualifies for *in forma pauperis* status, and is not required to make an initial partial filing fee payment.  These findings do not discharge the $350 filing fee, but rather allow a prisoner the opportunity to pay the filing fee in installments.  See 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."  Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).  During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief

2

may be granted" or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   Id. at 327.

Because Mr. Mousseau is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Mousseau used a Civil Rights Complaint By A Prisoner form.   (Docket 1).   Under Section A. Jurisdiction, Mr. Mousseau did not check the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983; or 1(b) 28 U.S.C. § 1331; or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971); or 1(c) Other.   Id. at p. 1(A)(1)(a), (b) & (c).   For the following analysis, the court presumes Mr. Mousseua intended to bring this action under § 1983 or Bivens.

3

Mr. Mousseau's complaint contains three separate counts. Count 1 alleges his "constitutional rights[,] [my] civil rights as a human being were violated." (Docket 1 at p. 4). On the complaint form for designation of the issues presented Mr. Mousseau did not identify the specific nature of the claim. Mr. Mousseau claims the States Attorney's Office is targeting Lakota people for abuse because his people own the Black Hills. Id. Mr. Mousseau claims injuries of "stress, delutional, headaches, cant sleep, traumatize, stress, mental." Id.

Count 2 alleges Mr. Mousseau's "constitutional rights [were] violated[,] civil rights as a human being violated." Id. at p. 5. On the complaint form for designation of the issues presented Mr. Mousseau checked "medical care." Id. He alleges that at the time of his arrest he was placed in the Pennington County Jail. Id. He alleges when he asked for medical attention Captain Haga denied him the medical attention he needed and then she and Sergeant Houston placed him in administrative lockdown for no reason. Id. Mr. Mousseau claims injuries of "stress, mental, traumatize, could not sleep[,] emotional distress." Id.

Count 3 alleges Mr. Mousseau's "constitutional rights[,] civil rights as a human being were violated." Id. at p. 6. On the complaint form for designation of the issues presented Mr. Mousseau checked "retaliation." Id. He alleges that Captain Haga dresses jail inmates in the same fashion Adolph Hitler did before he "placed the Jews in a concentration camp . . . ." Id. He alleges

Captain Haga places prisoners in "pink socks[,] pink underwear & shirts" to discriminate against people of color as "a member of the K.K.K." Id. Mr. Mousseau claims injuries of "emotional stress, mental, traumatize." Id.

In the request for relief section of the complaint form, Mr. Mousseau seeks money damages of one million dollars. Id. at p. 7.

A claim under § 1983 requires a plaintiff to allege and prove the defendants were acting under color of state law in depriving the plaintiff of a right secured by the Constitution of the United States. "Every person who, under color of any statute [or] regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law. 42 U.S.C. § 1983. The claims against the defendants who are or may be considered state actors are the only individuals against whom Mr. Mousseau could pursue a § 1983 claim.

Mr. Mousseau asserts claims against three prosecutors in the Pennington County States Attorney's Office. (Docket 1 at p. 2). Absolute immunity shields prosecutors from civil liability "for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the [government's] case, and other conduct that is intimately associated with the judicial process."

5

Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003).   The court finds Mr. Vargo, Ms. Shattuck and Mr. Williams are entitled to absolute immunity for claims arising out of their prosecution of Mr. Mousseau.

Concerning Mr. Mousseau's claims against Captain Haga and Sergeant Houston, "[t]o prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind."  Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "In a deprivation of medical care case, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs." Id. (citing Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995)).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' "  Coleman, 114 F.3d at 784 (quoting Camberos, 73 F.3d at 176)).  "The determination whether a medical need is sufficiently obvious" requires an analysis of "[t]he prison officials' background knowledge."  Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008). "When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.' "  Coleman, 114 F.3d at 784 (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)).

To establish deliberate indifference, an inmate must demonstrate a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Coleman, 114 F.3d at 785 (citing Farmer v. Brennen, 511 U.S. 825, 847 (1994)). " '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' " Id. (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)).

Mr. Mousseau fails to articulate the existence of a serious medical need and that the jail personnel failed to properly act upon that serious medical need. Coleman, 114 F.3d at 784.  There are no specific allegations rising to the level of a constitutional right charged against those defendants sued in their individual capacity.

The remaining allegations in the complaint are so scattered in time, events, relationships and historical settings that no constitutional claim exists. Mr. Mousseau has no individual constitutional right in the claims made.

A Bivens claim is a constitutional claim brought against federal officials acting under color of federal law, rather than state officials acting under color of state law.  See Bivens, 403 U.S. 388 (1971).  "[A] Bivens action is analogous to a claim under 42 U.S.C. § 1983.  The law developed under the two doctrines applies equally to the two types of cases, regardless of whether the action is a

Bivens action or a § 1983 action." Abebe v. Seymour, C.A. No. 3-12-377-JFA-KDW, 2012 WL 1130667 at *2, n.3 (D.S.C. April 4, 2012) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).

A Bivens action "may not be asserted against the United States . . . ." Chavez-Garcia v. Kopf, No. 4:06cv3114, 2006 WL 1401686 at *1 (D. Neb. May 18, 2006). "A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. The United States has not waived its sovereign immunity in Bivens actions." Dockery v. Miller County Sheriff's Dept., Civil No. 4:10-cv-4070, 2011 WL 4975185 at *4 (W.D. Ark. Sept. 12, 2011). The court finds the doctrine of sovereign immunity bars Mr. Mousseau's claims against the United States.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. In this instance, Mr. Mousseau cannot amend his complaint to allege a valid § 1983 claim or Bivens claims involving the general nature of the topics alleged.

The court finds plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, it is hereby

ORDERED that Mr. Mousseau's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Mousseau shall, whenever the amount in Mr. Mousseau's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed as frivolous and for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this action constitutes a first strike against Mr. Mousseau for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated December 8, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

9